**Walter George WELLMAN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 25849.**

United States Court of Appeals
Fifth Circuit.

Aug. 5, 1969.

John F. Tomlin, Pecos, Tex., for appellant.

Jamie C. Boyd, Asst. U. S. Atty., El Paso, Tex., Jerome M. Feit, Atty., Dept. of Justice, Washington, D. C., Ernest Morgan, U. S. Atty., El Paso, Tex., Beatrice Rosenberg, Atty., Crim. Div., Dept. of Justice, Washington, D. C., for appellee.

Before JONES and COLEMAN, Circuit Judges, and CHOATE, District Judge.

PER CURIAM:

In order that the Court may more fully state the reasoning upon which this conviction was affirmed, and without any change in the result, the opinion dated December 3, 1968, is withdrawn and this opinion is substituted therefor.

Wellman, the appellant, was convicted of the interstate transportation of a firearm after he had previously been convicted of a crime punishable by imprisonment for a term in excess of one year, 15 U.S.C. § 902(e). We affirm the conviction.

It is not disputed that four times prior to November 3, 1967, Wellman had been convicted of felonies, three of them for armed robbery.

On November 3, 1967, at about 6:15 P. M., in Pecos, Texas, two officers of the Texas Department of Public Safety first saw the appellant as he drove an automobile along a public thoroughfare. He was tailgating a pickup truck and weaving from side to side. After about three blocks the driver swerved his automobile violently and passed the other vehicle. He then drove an additional three blocks at about forty miles an hour in a thirty mile zone. He was stopped after a short chase.

When Wellman got out of his car his face was flushed and he was staggering slightly. The officer identified himself and advised Wellman that he had been stopped for speeding, following too close, and driving in an erratic manner. Wellman gave the officer a California temporary driver's license bearing the name of "Gary Dennis Day", a probation card of some description, and a gun registration card. Appellant smelled strongly of alcohol and his speech was slightly slurred. Observing this condition, the officer advised Wellman that he was under arrest for driving while intoxicated.

The second officer was told to see if there was any beer or wine in the automobile. A loaded pistol, wrapped in a towel, was found on the front seat. In the Court below appellant moved to suppress the evidence thus obtained as being the product of an illegal search and seizure. The motion was denied and that action is the sole error assigned on this appeal.

The validity of an arrest or a search without a lawful warrant is to be judged on its particular facts. Upon these facts, we hold that (1) the arrest for driving while intoxicated was lawful; (2) once

the arrest was made a search of the vehicle for further evidence of driving while under the influence of intoxicants was reasonable and permissible; and (3) the firearm found as an incident to such a lawful search was admissible in evidence.

See Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145 (1925); Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960); Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964); Gullett v. United States, 8 Cir., 1967, 387 F.2d 307.

The judgment of conviction is affirmed.